## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Elisha Holloway,** | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| **v.** | ) **Case No. 3:25-cv-2817** |
| | ) |
| **RentGrow, Inc., and Yardi Systems, Inc.,** | ) |
| | ) |
| *Defendants.* | ) |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants RentGrow Inc. ("RentGrow") and Yardi Systems, Inc. ("Yardi") (together, "Defendants"), by counsel, remove this action from the County Court at Law of Dallas County, Texas, to the United States District Court for the Northern District of Texas. Removal is proper because this Court has subject matter jurisdiction by way of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In support of its Notice of Removal, Defendants state the following:

### I. Background

1.      On or about August 4, 2025, Elisha Holloway ("Plaintiff"), filed a Complaint in the County Court at Law of Dallas County, Texas. On or about October 9, 2025, Plaintiff filed a Third Amended Complaint in the same court. On or about October 13, 2025, Plaintiff filed a Supplemental Addendum in the same court, which reflects her most recent "amendment" and purports to add new allegations to the Third Amended Complaint while maintaining the Third

Amended Complaint as the operative complaint. A copy of all process and pleadings sent to Defendants' counsel in this action are individually attached hereto as **Exhibits D**.

2.        A true and correct copy of the state court docket is attached hereto as **Exhibit E.**

3.        Defendants have never been properly served.  Plaintiff, however, purported to serve Defendants through one of their outside counsel on September 17, 2025.  *See* **Exhibit F**. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c).

4.        Defendants deny the allegations in the Complaint, deny that Plaintiff has stated a claim against them, and deny that Plaintiff has been damaged in any manner whatsoever. Defendants further deny that they were involved in any of the challenged conduct.  Defendants also deny that this Court has personal jurisdiction over Yardi.  Nevertheless, assuming for subject matter jurisdictional purposes only that Plaintiff's claims are valid, she could have originally filed the Complaint in this Court under federal diversity jurisdiction because, according to her own communications, the amount-in-controversy purportedly exceeds $75,000 and because Plaintiff and Defendants are completely diverse.  This case is also independently removable under federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681c(a), 1681e(b), and 1681b(a).

## II.  Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

5.        This Court has original diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a), which makes this action removable under 28 U.S.C. §§ 1441 and 1446(c).

**A.        Complete Diversity of Citizenship Exists Between the Parties**

6.        Federal district courts have jurisdiction over all civil actions where there is complete diversity of citizenship between the parties and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(a) and 1446(c).

7.      Plaintiff admits in her Third Amended Complaint that she is a "resident of Texas." Third Am. Compl. ¶ 2.1. Upon information and belief, Plaintiff intends to remain in Texas.

8.      "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011).

9.      Yardi is a corporation organized under the laws of California, with its principal place of business in Santa Barbara, California. *See* Third Am. Compl. ¶ 2.3; **Exhibit G**. Accordingly, Yardi is deemed a citizen of the State of California.

10.      RentGrow is a corporation organized under the laws of Delaware, with its principal place of business in Waltham, Massachusetts. *See* Third Am. Compl. ¶ 2.2; **Exhibit H**. Accordingly RentGrow is deemed a citizen of the State of Delaware and the Commonwealth of Massachusetts.

11.      Accordingly, there is complete diversity of citizenship between Plaintiff, RentGrow, and Yardi, who are the only parties to this action. *See* 28 U.S.C. § 1332(a)(1).

**B.      Amount-in-Controversy**

12.      A court properly exercises jurisdiction based on complete diversity when the amount-in-controversy as to the named plaintiff's claims exceeds $75,000. *Donaldson v. Sam's E., Inc.*, No. 21-30189, 2021 WL 4898724, at *2 (5th Cir. Oct. 20, 2021).

13.      Plaintiff's Third Amended Complaint meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

14.      Plaintiff's Complaint seeks various types of actual damages. She alleges she was damaged through "returned payments, lost wages, and increased costs," "[h]ousing denials and delays in relocation," emotional distress, and reputational harm. Third Am. Compl. ¶ 4.3. She also seeks statutory damages and attorneys' fees. Third Am. Compl. Section VI. Plaintiff asserts in the

Amended Complaint that she is seeking between $1 million and $5 million. Third Am. Compl. Section VI.

15.     Thus, Plaintiff's individual claims for relief exceed the $75,000 threshold, thereby permitting removal of her claims to federal court.

### III.  Federal question jurisdiction under 28 U.S.C. § 1331

16.     Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. See 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

17.     The FCRA is a federal statute, and Plaintiff asserts that Defendants violated that statute (among others).  Third Am. Compl. Section V. Defendants' position is that they did not violate any federal (or state) law.  The parties' claims and defenses thus rest, in part, on an interpretation of 15 U.S.C. § 1681, *et seq.*

18.     As pled, Plaintiff's additional state law claims under the Texas Code of Criminal Procedure §§ 55.03, Tex. Bus. & Com. Code § 17.46, gross negligence, and reckless endangerment stem from the same operative facts and form part of the same case or controversy as her federal claims.  Thus, this Court has supplemental jurisdiction over those state law claims.  See 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

## IV.  Venue

19.     Venue is proper in this Court because this district encompass the County Court at Law of Dallas County, Texas, the forum from which this case has been removed.  *See* 28 U.S.C. § 1441.

## V.  Notice

20.     Concurrent with filing this Notice of Removal, Defendants will file a Notice of Filing of Notice of Removal with the Clerk of the County Court at Law of Dallas County, Texas. A copy of the Notice of Filing of Notice of Removal, excluding exhibits, is attached as **Exhibit I**. This Notice of Filing of Notice of Removal will give written notice of the removal to all adverse parties.

21.     If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, RentGrow, Inc. and Yardi Systems, Inc. hereby remove this action to this Court and seek all other relief this Court deems equitable and just.

Dated: October 16, 2025                    Respectfully submitted,

**RENTGROW, INC.**
**YARDI SYSTEMS, INC.**

By:/s/ *Taylor Hennington*
Taylor Hennington, SBN: 24116508
TROUTMAN PEPPER LOCKE, LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: 214.740.8457
Email: taylor.hennington@troutman.com

*Counsel for RentGrow, Inc. and Yardi Systems, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned certifies that on October 16, 2025, a true and correct copy of the foregoing document was delivered to the following *via CM/ECF, CMRRR, and/or email* consistent with the Federal Rules of Civil Procedure.

Elisha Holloway, Pro Se
P.O. Box 77163
Fort Worth, Texas 76177
Eholloway1.legal@proton.me

             <u>/s/ *Taylor Hennington*</u>
             Taylor Hennington

320491678