**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ELISHA HOLLOWAY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Case No. 3:25-cv-02817** |
| | ) | |
| RENTGROW, INC. AND YARDI | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANT RENTGROW, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION
<u>TO DISMISS PLAINTIFF'S COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ..............................................................................................................1

RELEVANT FACTUAL ALLEGATIONS ......................................................................2

LEGAL STANDARD.........................................................................................................2

ARGUMENT ......................................................................................................................3

    I.     Plaintiff's various state law claims are preempted by the federal Fair
         Credit Reporting Act.......................................................................................3

    II.    Plaintiff's claims under the Fair Credit Reporting Act fail.....................................7

        1.    Plaintiff's § 1681e(b) claim fails. .................................................7

        2.    Plaintiff's § 1681i claim fails.......................................................8

        3.    Plaintiff's § 1681c claim fails.......................................................9

    III.   Plaintiff's claims under the Texas Code of Criminal Procedure fail. .....................10

    IV.   Plaintiff's DTPA claim fails. ...............................................................................11

    V.    Plaintiff's "gross negligence" claim fails because she has not alleged the
         required elements. ................................................................................................12

    VI.   Reckless endangerment is not a cognizable civil claim under Texas law. ............14

CONCLUSION..................................................................................................................14

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................2, 3, 6

*Awah v. TransUnion, LLC*,
    No. 15-02042, 2016 U.S. Dist. LEXIS 76932 (D. Md. June 13, 2016)...................................14

*Bugoni v. Emp. Background Investigations, Inc.*,
    No. 1:20-cv-01133, 2022 U.S. Dist. LEXIS 54136 (D. Md. Mar. 25, 2022) ..........................10

*Cameron v. Terrell & Garrett, Inc.*,
    618 S.W.2d 535 (Tex. 1981)...................................................................................................11

*Cushman v. Trans Union Corp.*,
    115 F.3d 220 (3d Cir. 1997) (adopting *Thornton* holding)........................................................6

*Dekelaita v. BP Amoco Chem. Co.*,
    No. 3:07-cv-00131, 2008 U.S. Dist. LEXIS 58069 (S.D. Tex. July 30, 2008) .......................13

*Dickerson v. New Banner Institute, Inc.*,
    460 U.S. 103 (1983)................................................................................................................10

*Drummond v. Equifax Info. Servs.*,
    No. 5:20-CV-1362, 2021 U.S. Dist. LEXIS 256782 (W.D. Tex. July 14, 2021) .....................9

*Emesowum v. Zeldes*,
    No. 15-CV-831, 2016 WL 3579232 (W.D. Tex. June 27, 2016), *aff'd*, 697 F.
    App'x 386 (5th Cir. 2017) .....................................................................................................14

*Ewbank v. ChoicePoint, Inc.*,
    551 F. Supp. 2d 563 (N.D. Tex. 2008) ...............................................................................5, 12

*Fisher v. Trans Union, LLC*,
    No. 24-CV-00988, 2025 U.S. Dist. LEXIS 45886 (W.D. Tex. Mar. 13, 2025) .......................8

*Fraley v. BAC Home Loans Servicing, LP*,
    No. 3:11-CV-1060, 2012 U.S. Dist. LEXIS 31832, at *8 (N.D. Tex. Jan. 10,
    2012), *report and recommendation adopted*, No. 3:11-CV-1060, 2012 U.S.
    Dist. LEXIS 31826 (N.D. Tex. Mar. 9, 2012) ........................................................................12

*Friedman v. Specialized Loan Servicing LLC*,
    2024 U.S. Dist. LEXIS 111276 (C.D. Cal. May 30, 2024) .......................................................6

*Frydman*,
    2016 U.S. Dist. LEXIS 107139 at *56.....................................................................................6

*Green v. Innovis Data Sols., Inc.*
  No. 3:20-CV-01614, 2021 U.S. Dist. LEXIS 176996 (N.D. Tex. Sep. 17,
  2021) ................................................................................................................7

*Hammer v. Equifax Info. Servs., LLC*,
  974 F.3d 564 (5th Cir. 2020) ...........................................................................7

*Holloway v. Equifax*,
  No. 4:23-CV-1038-P, 2024 U.S. Dist. LEXIS 77012 (N.D. Tex. Mar. 25,
  2024) ................................................................................................................7

*Holmes v. Motor Home Specialist*,
  No. 3:21-cv-00934, 2022 U.S. Dist. LEXIS 166601 (N.D. Tex. Aug. 30,
  2022) ..............................................................................................................14

*Houson v. DTN Operating Co.*,
  LLC, No. 4:17-CV-00035, 2017 U.S. Dist. LEXIS 171676 (E.D. Tex. Oct. 17,
  2017) ..............................................................................................................11

*Louisiana-Pac. Corp. v. Andrade*,
  19 S.W.3d 245 (Tex. 1999)..............................................................................13

*McDaniel v. Liberty Mut. Ins. Co.*,
  No. 3:21-cv-00610, 2023 U.S. Dist. LEXIS 9038 (W.D.N.C. Jan. 18, 2023)........................13

*McDonald v. Equifax Inc.*,
  No. 3:15-CV-3212, 2017 U.S. Dist. LEXIS 30815 (N.D. Tex. Mar. 6, 2017)........................6

*Morris v. Equifax Information Servs., LLC*,
  457 F.3d 460 (5th Cir. 2006) .......................................................................4, 6

*Muhammad v. Verizon Wireless VAW LLC*,
  No. 1:14-CV-0976, 2015 U.S. Dist. LEXIS 195650 (N.D. Ga. Dec. 22, 2015)........................6

*Newcomb v. Trans Union LLC*,
  No. 3:25-CV-0361, 2025 U.S. Dist. LEXIS 212127 (N.D. Tex. Oct. 28, 2025)........................9

*Patel v. Lexis Nexis Corp.*,
  No. 3:22-cv-00281-M, 2022 U.S. Dist. LEXIS 87491 (N.D. Tex. May 13,
  2022) .........................................................................................................4, 5, 6

*Robinson v. Dyck O'Neal, Inc.*,
  No. 3:15-CV-988, 2016 U.S. Dist. LEXIS 188868 (M.D. Fl. June 21, 2016) ........................6

*Ross v. FDIC*,
  625 F.3d 808 (4th Cir. 2010) ...........................................................................4

*Schade v. MBNA America Bank, N.A.*,
No. 3:04CV633-H, 2006 U.S. Dist. LEXIS 5553 (W.D.N.C. Jan. 26, 2006) ..........................5

*Serfess v. Equifax Credit Info. Servs.*,
No. 13 Civ. 406 (RBK) (JS), 2014 U.S. Dist. LEXIS 120138 (D.N.J. Aug. 28,
2014) ....................................................................................................................................6

*Thornton v. Equifax, Inc.*,
619 F.2d 700 (8th Cir. 1980) ..............................................................................................6

*Tomdra Investments, L.L.C. v. CoStar Realty Information, Inc.*
735 F. Supp. 2d 528 (N.D. Tex. 2010) ..............................................................................12

*Twombly*,
550 U.S. at 570...................................................................................................................3

*U-Haul Intern., Inc. v. Waldrip*,
380 S.W.3d 118 (Tex. 2012)...............................................................................................13

*Villarreal v. Wells Fargo Bank, N.A.*,
814 F.3d 763 (5th Cir. 2016) ............................................................................................11

*Walters v. Certegy Check Servs.*,
No. 17cv1100, 2018 U.S. Dist. LEXIS 40221 (W.D. Tex. Mar. 11, 2018) .............................8

*Warner v. Equifax Info. Sols. LLC*,
No. 3:23-CV-1286, 2025 U.S. Dist. LEXIS 40023 (N.D. Tex. Feb. 11, 2025)....................7, 8

*Young v. Equifax Credit Info. Servs. Inc.*,
294 F.3d 631 (5th Cir. 2002) ..............................................................................................5

*Zala v. Trans Union, LLC*,
No. 3:99-CV-0399, 2001 U.S. Dist. LEXIS 549 (N.D. Tex. Jan. 17, 2001) ............................9

**Statutes and Rules**

15 U.S.C. § 1681a....................................................................................................................10

15 U.S.C. § 1681c(a)(5)...................................................................................................1, 9, 10

15 U.S.C. § 1681e(b) .............................................................................................................1, 7, 8

15 U.S.C. § 1681h(e) ....................................................................................................... *passim*

15 U.S.C. § 1681i....................................................................................................................1, 8, 9

15 U.S.C. § 1681t....................................................................................................................3

Fed. R. Civ. P.  8(a) ................................................................................................................2, 13

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 3

Tex. Bus. & Com. Code § 17.46...................................................................................................5

Tex. Code Crim. Proc. § 55 ........................................................................................................10

Tex. Code Crim. Proc. § 55.03 ...........................................................................................1, 4, 10

Tex. Code Crim. Proc. § 55.04(1)...............................................................................................10

Tex. Code Crim. Proc. § 56.90 ..............................................................................................5, 11

Tex. Code Crim. Proc. § 58.062 .................................................................................................11

Defendant, RentGrow, Inc. ("RentGrow"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), files the following Memorandum in Support of its Motion to Dismiss the Complaint[1] filed by Plaintiff, Elisha N. Holloway.

## **INTRODUCTION**

Plaintiff's Complaint asserts a varied assortment of statutory and common law claims arising from her rental applications, associated tenant screenings, and the alleged disclosure or dissemination of expunged records and disputed balances. From what RentGrow can discern from Plaintiff's Complaint, Plaintiff's claims against RentGrow are based on alleged violations of 15 U.S.C. §§ 1681e(b), 1681i, and 1681c(a)(5) of the federal Fair Credit Reporting Act ("FCRA"), Tex. Code Crim. Proc. Ann. arts. 55.03, 56.90, the Texas Deceptive Trade Practices Act ("DTPA"); and a claim for "gross negligence and reckless endangerment." Each claim fails.

As a threshold matter, Plaintiff's state statutory and common law claims are all expressly preempted by the FCRA, which preempts any action in the nature of "defamation" or "invasion of privacy" related to tenant screening, which is what Plaintiff alleges here. Plaintiff's FCRA claims are themselves deficient, lacking factual support across numerous elements of her claims. With respect to her state statutory claims, Plaintiff's claims under the Texas Code of Criminal Procedure and DTPA must also be dismissed because both cited sections of the Texas Code of Criminal Procedure have been repealed, have no application to RentGrow, and do not provide a private right of action. Plaintiff's DTPA claim further fails as she has not, and cannot, establish that she sought

---

[1] Plaintiff filed multiple "Petitions" and "Supplements" after originally filing this lawsuit in state court. RentGrow treats the "Protective Third Amended Petition" (ECF No. 1-4, at 49-53) to be the Operative Complaint in this matter and therefore addresses those claims and allegations in this Motion. In an abundance of caution, RentGrow also addresses the claims and allegations contained in the "Supplemental Addendum to Protective Amended Petition." (ECF No. 1-4, at 54-56). RentGrow refers to those two filings collectively as the "Complaint" for the purposes of this Motion.

or acquired goods or services from RentGrow.  Indeed, several courts have confirmed that the DTPA has no application to a background screening company providing services to a potential creditor and not the plaintiff, as is the case here.  Further, as to her state common law claims, the "gross negligence" claim fails because RentGrow owed no common law duty to Plaintiff, and also because Plaintiff fails to plead the required elements.  Finally, Texas does not recognize a claim for "reckless endangerment."

For the reasons below, each of those claims must be dismissed with prejudice.

## RELEVANT FACTUAL ALLEGATIONS

Plaintiff alleges RentGrow is a "consumer reporting agency engaged in tenant screening services."  (ECF No. 1-4, at 49).  Plaintiff alleges she "submitted rental applications utilizing systems maintained and/or integrated by [RentGrow], including RentGrow tenant screening services, and that these systems disclosed "[e]xpunged criminal data from 2002 and 2011," as well as allegedly inaccurate rental balance information.  (*Id.* at 50).  She then alleges that RentGrow "unlawfully disclosed, transmitted, and maintained . . . [d]ata visibility to unauthorized third parties, compromising [her] [Address Confidentiality Program "ACP"] confidentiality."  *Id.*[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint cannot simply leave open the possibility a plaintiff might later establish some set of facts to support recovery.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[2] Both the "Protective Third Amended Petition" and "Supplemental Addendum" reference multiple exhibits.  (ECF No. 1-4, at 53, 55.)  Those exhibits, however, are not attached to "Protective Third Amended Petition," "Supplemental Addendum," or any other document on the record.  They also have never been filed with any Court or ever provided to defense counsel.

complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at

679.  "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'"  *Id.*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to

state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  In

reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint

but is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (quoting

*Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."  *Id.*  Nor does a complaint suffice if it "tenders

'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*

## ARGUMENT

### I.      Plaintiff's various state law claims are preempted by the federal Fair Credit Reporting Act.

Initially, Plaintiff's state law claims all fail at the threshold because they are preempted by

the FCRA.  In enacting the FCRA, Congress created a comprehensive national regulatory scheme

to govern the activities of furnishers and consumer reporting agencies, and to that end included

several express preemption provisions that preempt State laws and claims arising under them.  *See*

15 U.S.C. §§ 1681h(e), 1681t.  Since its original enactment in 1970 and through subsequent

amendments, "Congress has continually expanded FCRA preemption."  *See* CFPB, Fair Credit

Reporting Act; Preemption of State Laws, 12 C.F.R. Part 1022, at 7 (Oct. 27, 2025).

3

Relevant here, § 1681h(e) of the FCRA preempts state law by setting forth a "limitation of liability" that prevents a consumer from asserting certain types of state law claims against furnishers, consumer reporting agencies, and users:

> [N]o consumer may bring any action or proceeding *in the nature of* defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report . . . based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphasis added).   That statutory command is unambiguous: absent a plausible allegation of "malice," any claim "in the nature of" defamation, invasion of privacy, or negligence against a consumer reporting agency must be dismissed, and the plaintiff must instead pursue any claim (if viable) under the FCRA.  *See Morris v. Equifax Information Servs., LLC*, 457 F.3d 460, 470-71 (5th Cir. 2006); *Ross v. FDIC*, 625 F.3d 808, 814 (4th Cir. 2010).

Plaintiff acknowledges the FCRA governs this case, as her Count One sets forth a claim under the FCRA directly.  (ECF No. 1-4, at 51).  In fact, she alleges that RentGrow is "a consumer reporting agency engaged in tenant screening services," and her asserted claims all relate to "consumer . . . information" reported through RentGrow's "tenant screening services."  *Id*. at 49-50.  Thus, her claims are all "with respect to the reporting of information" that is regulated by the FCRA, including § 1681h(e).

Plaintiff's claim for "Gross Negligence and Reckless Endangerment," *id.* at 51, is expressly a claim "in the nature of" negligence and is thus preempted by § 1681h(e).  *Patel v. Lexis Nexis Corp.*, No. 3:22-cv-00281-M, 2022 U.S. Dist. LEXIS 87491, at *4-5 (N.D. Tex. May 13, 2022) (dismissing negligence claims as preempted).  Plaintiff's Texas statutory claims also are predicated on concepts of defamation and privacy.  She alleges RentGrow violated Tex. Code Crim. Proc. § 55.03, by "knowingly disclos[ing] and reus[ing] expunged records" belonging to Plaintiff.  (ECF

4

No. 1-4, at 51).  She also asserts a claim under Tex. Code Crim. Proc. § 56.90 based on RentGrow's alleged violations of ACP-related protections and her privacy.  *Id*. at 54.  Finally, she asserts a violation of the DTPA, Tex. Bus. & Com. Code § 17.46, for allegedly "publishing and distributing false or misleading information about [Plaintiff] to third parties."  *Id*.  In connection with those claims, Plaintiff alleges she suffered "reputational harm," "exposure" of her "confidential" personal information, and "disseminat[ion] of harmful [and] inaccurate" information regarding her.  *Id*. at 50.

All those claims, therefore, hinge on her assertion that RentGrow has invaded her privacy and/or damaged her reputation by publishing either confidential information or false information. Put another way, those claims are, at their core, "in the nature of" "defamation" or "invasion of privacy," meaning that they are preempted under § 1681h(e).  *Ewbank v. ChoicePoint, Inc.*, 551 F. Supp. 2d 563, 566 (N.D. Tex. 2008) ("Under the FCRA, state law negligence and defamation claims are preempted unless the plaintiff consumer proves 'malice or willful intent' to injure."); *Young v. Equifax Credit Info. Servs. Inc*., 294 F.3d 631, 638 (5th Cir. 2002) ("The FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him.); *Schade v. MBNA America Bank, N.A.*, No. 3:04CV633-H, 2006 U.S. Dist. LEXIS 5553, at *19 (W.D.N.C. Jan. 26, 2006) (discussing authority holding that § 1681h(e) bars statutory unfair and deceptive trade practices act claims based on claimed inaccurate reporting).

Plaintiff also fails to adequately allege any facts to support an inference that RentGrow or Yardi acted with "malice," as required to avoid § 1681h(e)'s preemptive scope.  "Pleading malice or willfulness for purposes of FCRA preemption requires the plaintiff to plead that the defendant made the statements 'knowing the statements were false or with a reckless disregard of whether

they were false.'"  *McDonald v. Equifax Inc.*, No. 3:15-CV-3212, 2017 U.S. Dist. LEXIS 30815, at *19 (N.D. Tex. Mar. 6, 2017) (quoting *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006)).  Notably, the standard for "malice" or "willful intent to injure" under § 1681h(e) is even *higher* than the standard for a "willful" violation under § 1681n.  *See, e.g., Thornton v. Equifax, Inc.*, 619 F.2d 700, 706 (8th Cir. 1980) (holding § 1681h(e)'s malice standard imposes a "higher requirement of proof" than of "willfulness" under § 1681n); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997) (adopting *Thornton* holding); *Frydman*, 2016 U.S. Dist. LEXIS 107139 at *56 (collecting cases); *Serfess v. Equifax Credit Info. Servs.*, No. 13 Civ. 406 (RBK) (JS), 2014 U.S. Dist. LEXIS 120138, at *23 (D.N.J. Aug. 28, 2014) (same).

Plaintiff nowhere alleges that RentGrow reported any information as to her with knowledge of its falsity and an associated intent to injure her.  *Patel*, 2022 U.S. Dist. LEXIS 87491, at *4-5 (holding plaintiff failed to allege malice to avoid 1681h(e) preemption where she "[a]t best . . . alleges that Defendant acted intentionally," but did not sufficiently allege defendant "willfully injured Plaintiff").  Nor is any such claim plausible in the context of alleged routine tenant screening transactions.  And, to the extent that any such allegation of malice could be inferred, it is entirely conclusory.  *See, e.g.*, *Robinson v. Dyck O'Neal, Inc.*, No. 3:15-CV-988, 2016 U.S. Dist. LEXIS 188868, at *21 n.7 (M.D. Fl. June 21, 2016) ("Malice or willful intent may be alleged generally, but the allegations must still provide a 'short and plain statement of the claim'; pleading the 'bare elements' of a cause of action does not suffice.") (quoting *Iqbal*, 556 U.S. at 686-87); *Muhammad v. Verizon Wireless VAW LLC*, No. 1:14-CV-0976, 2015 U.S. Dist. LEXIS 195650, at *15 (N.D. Ga. Dec. 22, 2015) ("Merely using the labels of 'malice' and 'intent to injure' is not sufficient to state a plausible claim without including specific facts supporting those conclusions."); *Friedman v. Specialized Loan Servicing LLC*, 2024 U.S. Dist. LEXIS 111276, at

6

\*16-17 (C.D. Cal. May 30, 2024) (holding invasion of privacy claim was preempted by § 1681h(e) when plaintiff "made nothing more than conclusory representations" of "malice or willful intent to injure").  Accordingly, Plaintiff's state law claims must be dismissed as preempted.

## II.     Plaintiff's claims under the Fair Credit Reporting Act fail.

### 1.     Plaintiff's § 1681e(b) claim fails.

"To state a cause of action under 15 U.S.C. § 1681e(b), a plaintiff 'must establish that (1) inaccurate information was included in [her] credit report; (2) the inaccuracy was due to [defendant's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) [plaintiff] suffered injury; and (4) [her] injury was caused by the inclusion of the inaccurate entry.'" *Warner v. Equifax Info. Sols. LLC*, No. 3:23-CV-1286, 2025 U.S. Dist. LEXIS 40023, at \*15-16 (N.D. Tex. Feb. 11, 2025).  Notably, § 1681e(b) "does not hold a CRA strictly liable for all inaccuracies."  *Hammer v. Equifax Info. Servs., LLC*, 974 F.3d 564, 568 (5th Cir. 2020).  Rather, a plaintiff "must also set forth allegations sufficient to support an inference that the inaccuracy was due to defendant's failure to follow reasonable procedures."  *Warner*, 2025 U.S. Dist. LEXIS 40023, at \*16 (citing *Green v. Innovis Data Sols., Inc*. No. 3:20-CV-01614, 2021 U.S. Dist. LEXIS 176996, at \*9 (N.D. Tex. Sep. 17, 2021)).

As an initial matter, Plaintiff failed to plead adequate facts to demonstrate an inaccuracy in any alleged RentGrow report.  Plaintiff simply claims RentGrow reported "[e]xpunged criminal data from 2002 and 2011," "[d]isputed rental balance information reported as delinquent despite dismissal," and "[p]remature balance disclosures during ongoing litigation."  (ECF No. 1-4, at 50).  These conclusory allegations are insufficient to establish an inaccuracy.  *See Holloway v. Equifax*, No. 4:23-CV-1038-P, 2024 U.S. Dist. LEXIS 77012, at \*5 (N.D. Tex. Mar. 25, 2024) (dismissing § 1681e(b) claims also asserted by Plaintiff Holloway because plaintiff failed to "allege with any specificity any non-conclusory facts regarding what information each CRA reported [or] how it

was inaccurate"); *Walters v. Certegy Check Servs.*, No. 17cv1100, 2018 U.S. Dist. LEXIS 40221, at *9 (W.D. Tex. Mar. 11, 2018) (plaintiff failed to show that any specific information "contained in the report" was "incorrectly reported," thus dismissing § 1681e(b) claim).

Moreover, the second element of Plaintiff's § 1681e(b) claim requires a showing that any alleged inaccuracy was due to RentGrow's failure to follow "reasonable procedures."  Notably, Plaintiff does not make *any* allegations relating to RentGrow's procedures for reporting accurate information, let alone that it failed to follow those procedures.  Therefore, the § 1681e(b) claim must be dismissed on that basis as well.  *See Warner*, 2025 U.S. Dist. LEXIS 40023, at *16-17 (dismissing the § 1681e(b) claim because plaintiff failed to "allege any facts to support her allegation that the inaccuracy in the original report was due to Trans Union's failure to follow reasonable procedures"); *Fisher v. Trans Union, LLC*, No. 24-CV-00988, 2025 U.S. Dist. LEXIS 45886, at *6 (W.D. Tex. Mar. 13, 2025) (finding plaintiff's § 1681e(b) claim failed because he "failed to allege with any specificity any non-conclusory facts regarding what information each CRA reported, how it was inaccurate, and how these inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable investigation").

### 2.    Plaintiff's § 1681i claim fails.

Plaintiff also alleges RentGrow "conducted no reasonable investigation upon dispute" in violation of § 1681i(a).  (ECF No. 1-4, at 51).  To successfully establish a claim under § 1681i(a), Plaintiff must plausibly allege the following elements: "(1) [she] disputed the completeness or accuracy of an item of information contained in [her] consumer file [to RentGrow] and notified [RentGrow] directly of that dispute; (2) [RentGrow] did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file in the manner prescribed by § 1681i(a)(5) within the statutory period; (3) [RentGrow's] noncompliance was negligent; (4) [Plaintiff] suffered injury; and (5) [Plaintiff's] injury was caused by [RentGrow's]

failure to reinvestigate and record of the current status the disputed information or delete the item from the file. *Zala v. Trans Union, LLC*, No. 3:99-CV-0399, 2001 U.S. Dist. LEXIS 549, at *12 (N.D. Tex. Jan. 17, 2001). Plaintiff fails to plead all those elements.

Plaintiff never alleges that she submitted any dispute to RentGrow, meaning that she has no claim under § 1681i in the first instance.[3] She also does not allege what, if anything, was deficient in any reinvestigation conducted by RentGrow or any injury specifically associated with her disputes. Therefore, the § 1681i claim against RentGrow must be dismissed. *See Newcomb v. Trans Union LLC*, No. 3:25-CV-0361, 2025 U.S. Dist. LEXIS 212127, at *9 (N.D. Tex. Oct. 28, 2025) (dismissing § 1681i claim when plaintiff failed to allege sufficient facts that defendant failed to conduct a reasonable reinvestigation into the alleged disputes); *Drummond v. Equifax Info. Servs.*, No. 5:20-CV-1362, 2021 U.S. Dist. LEXIS 256782, at *9 (W.D. Tex. July 14, 2021) (finding that merely alleging a defendant "failed to conduct a reasonable reinvestigation" insufficient to establish a § 1681i claim).

### 3.   Plaintiff's § 1681c claim fails.

Plaintiff further alleges that RentGrow violated § 1681c(a)(5) by "reporting . . . obsolete or expunged data." (ECF No. 1-4, at 54). Plaintiff does not allege, however, what data implicates § 1681c, which sets varying temporal reporting limits based on the timing of the data. Further, while this claim appears to be predicated on Plaintiff's challenge to the alleged reporting of expunged criminal records, that claim fails because Plaintiff does not allege that the reported "criminal data" was not a conviction of a crime. *See* 15 U.S.C. § 1681c(a)(5) (prohibiting the reporting of "[a]ny other adverse information, *other than records of convictions of crimes* which antedates the report by more than seven years") (emphasis added). In fact, it is well established

---

[3] RentGrow has no record of any dispute submitted by Plaintiff, nor has she provided any documents with her Complaint substantiating such an allegation.

that alleged expungement alone does not alone alter the status of a conviction for purposes of § 1681c(a)(5).  *See, e.g., Dickerson v. New Banner Institute, Inc*., 460 U.S. 103, 114-15 (1983) (holding that subsequent expungement does not alter the fact of conviction or signify innocence of the crime to which a defendant pled guilty); *Bugoni v. Emp. Background Investigations, Inc.*, No. 1:20-cv-01133, 2022 U.S. Dist. LEXIS 54136, at \*7-8 (D. Md. Mar. 25, 2022) ("And while the definition section of the FCRA, 15 U.S.C. § 1681a, does not define 'conviction,' federal courts have long defined the term, in the FCRA context and in other contexts, to turn on a finding of guilt after a plea or verdict of guilt, regardless of any subsequent non-merits-based or rehabilitative expungement.").  Accordingly, her § 1681c(a)(5) must also be dismissed.

### III.    Plaintiff's claims under the Texas Code of Criminal Procedure fail.

Plaintiff's attempt to assert two claims under the Texas Code of Criminal Procedure also fail.  Plaintiff first invokes Tex. Code Crim. Proc. § 55.03, which was repealed effective January 1, 2025,[4] and which provides that "[w]hen [an] order of expunction is final: (1) the release, maintenance, dissemination, or use of the expunged records and files for any purpose is prohibited."  That provision, however, governs the activities of "an officer or employee of the state or of any agency or other entity of the state or any political subdivision of the state and who knows of an order expunging the records and files relating to that arrest commits an offense if he knowingly releases, disseminates, or otherwise uses the records or files."  Tex. Code Crim. Proc. § 55.04(1).  RentGrow, of course, is not an officer or agency of the state.  A violation of the Chapter also is a "Class B misdemeanor."  Tex. Code Crim. Proc. § 55.04(1).  The Chapter contains no provision for civil enforcement or a private right of action to individuals.

---

[4] *See* H.B. 4504, 88th Leg. § 3.001(6) (Tex. 2023) (repealing Chapter 55 of the Texas Code of Criminal Procedure).

Second, Plaintiff appears to allege RentGrow violated Tex. Code Crim. Proc. § 56.90 by violating certain provisions that safeguard her "address confidentiality." (ECF No. 1-4, at 54.) However, that Code section was repealed as of January 1, 2021, which predates all of the alleged misconduct in this case. *See* H.B. 4173, 86th Leg. § 3.01(2) (Tex. 2021). Regardless, that statute, and any other Texas statute covering the ACP, do not provide for a civil private right of action against a private corporation like RentGrow. *See* Tex. Code Crim. § 58.062 (providing for a *criminal* right of action against an "agent or employee of the attorney general"). Therefore, Plaintiff's claim under Tex. Code Crim. Proc. § 56.90 also fails.

## IV.    Plaintiff's DTPA claim fails.

Plaintiff then alleges RentGrow "engaged in deceptive business practices" in violation of the DTPA by "publishing and distributing false or misleading information about [Plaintiff] to third parties." (ECF No. 1-4, at 51.) To state a claim under the DTPA, a plaintiff must show: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016).

Plaintiff failed to plead even the first element of a DTPA claim because she has not alleged and cannot allege she sought or acquired goods or services from RentGrow. *See Houson v. DTN Operating Co.*, LLC, No. 4:17-CV-00035, 2017 U.S. Dist. LEXIS 171676, at *23 (E.D. Tex. Oct. 17, 2017) ("In order to be a consumer [under the DTPA], one must be an individual 'who seeks or acquires by purchase or lease, any goods or services.'"). The Complaint instead makes clear that the transmission of tenant screening information was between RentGrow and the properties to which she submitted "rental applications." (ECF No. 1-4, at 50). Indeed, Plaintiff alleges no interaction with RentGrow *at all*. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981) ("[T]o prevail on a claim under the DTPA requires plaintiffs to show, *inter alia,* that they

11

sought or acquired, by purchase or lease, goods or services from the defendants, and that the goods or services leased or purchased form the basis of the complaint."). For that reason, Texas courts have rejected DTPA claims asserted against background screening companies like RentGrow. *Ewbank v. ChoicePoint, Inc.*, 551 F. Supp. 2d 563, 567 (N.D. Tex. 2008) ("Although the results of that check could possibly have cleared the way for the hiring of Ewbank by Fieldglass, the court finds that Ewbank is not a consumer, and is at most an incidental beneficiary of the transaction between Fieldglass and ChoicePoint. Fieldglass obtained services from ChoicePoint in order to confirm whether Ewbank had a criminal record. That Ewbank may have benefitted, or been damaged, by the conduct of ChoicePoint in providing those services does not make her a consumer under the DTPA."). The same result is required here.

## V.   Plaintiff's "gross negligence" claim fails because she has not alleged the required elements.

Plaintiff alleges RentGrow's conduct "constitutes gross negligence and reckless disregard for [Plaintiff's] safety, privacy, and professional livelihood." (ECF No. 1-4, at 51.) Plaintiff's gross negligence claim must be dismissed because she has failed to show that RentGrow owed a legal duty to her outside the scope of the FCRA, dooming even an ordinary negligence claim, and also because she failed to plead the requisite elements of a gross negligence claim.

Initially, any negligence claim against RentGrow (*i.e.*, for ordinary negligence or "gross negligence") fails because Plaintiff fails to allege that RentGrow owed her a common law legal duty necessary to state a claim for negligence. *Fraley v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1060, 2012 U.S. Dist. LEXIS 31832, at *8 (N.D. Tex. Jan. 10, 2012), *report and recommendation adopted*, No. 3:11-CV-1060, 2012 U.S. Dist. LEXIS 31826 (N.D. Tex. Mar. 9, 2012) ("If there is no legal duty, liability for negligence cannot exist."). Indeed, no such duty exists between RentGrow and Plaintiff due to their total lack of relationship. *See generally Tomdra*

*Investments, L.L.C. v. CoStar Realty Information, Inc.* 735 F. Supp. 2d 528 (N.D. Tex. 2010) (dismissing negligence claim because of the lack of a relationship between the defendant and the plaintiff sufficient to create a legal duty under Texas law"); *see also Dekelaita v. BP Amoco Chem. Co.*, No. 3:07-cv-00131, 2008 U.S. Dist. LEXIS 58069, at \*15 (S.D. Tex. July 30, 2008) ("A plaintiff who cannot support a cause of action for negligence cannot recover for gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence.").

Plaintiff's gross negligence claim also fails to state a claim under Rule 8(a). Under Texas law, "gross negligence" contains two elements: "(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Louisiana-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999). Plaintiff has not plausibly alleged that RentGrow's commonplace tenant screening activities "involved an extreme degree of risk" or that RentGrow "had actual, subjective awareness of the risk involved [and] nonetheless proceeded with conscious indifference to the rights, safety, or welfare of others." *U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). All she alleges is that RentGrow provided tenant screening information about her to a potential landlord, which she asserts reflect outdated or inaccurate records. Under Plaintiff's theory, all transmissions of inaccurate background information would constitute "gross negligence." That is distinctly not the law. *See, e.g.*, *McDaniel v. Liberty Mut. Ins. Co.*, No. 3:21-cv-00610, 2023 U.S. Dist. LEXIS 9038, at \*21-22 (W.D.N.C. Jan. 18, 2023) (dismissing "gross negligence" claim with similar elements to Texas based on alleged inaccurate credit reporting: "Plaintiff makes no allegation of any facts supporting her conclusion that LM furnished this information recklessly, wantonly, or

13

with intentional indifference to the effect it would have on Plaintiff. Further, Plaintiff does not assert a single fact demonstrating LM had actual knowledge of the falsity of this debt at the time the information was furnished."); *Awah v. TransUnion, LLC*, No. 15-02042, 2016 U.S. Dist. LEXIS 76932, at *20 (D. Md. June 13, 2016) ("Experian's receipt of plaintiff's complaints, followed by its contact with plaintiff's creditors as to the concerns, and its response to plaintiff, can hardly be classified as wanton or reckless behavior.  Accordingly, the Amended Complaint fails to state a claim for 'gross negligence.'").

**VI.     Reckless endangerment is not a cognizable civil claim under Texas law.**

Finally, in conjunction with her "gross negligence" claim, Plaintiff also alleges that RentGrow engaged in "reckless endangerment."  (ECF No. 1-4, at 51).  However, no such common law claim is recognized in Texas.  *Emesowum v. Zeldes*, No. 15-CV-831, 2016 WL 3579232, at *8 (W.D. Tex. June 27, 2016) ("As to [plaintiff's] claim for 'Texas common law ... reckless endangerment,' no such claim exists."), *aff'd*, 697 F. App'x 386 (5th Cir. 2017); *Holmes v. Motor Home Specialist*, No. 3:21-cv-00934, 2022 U.S. Dist. LEXIS 166601, at *7 (N.D. Tex. Aug. 30, 2022) (holding that "endangerment is not a cognizable civil claim under Texas law").

**CONCLUSION**

For the foregoing reasons, RentGrow, Inc. requests this Court enter an order: (1) granting RentGrow's Motion to Dismiss; (2) dismissing the aforementioned claims with prejudice; and (3) granting RentGrow all other such relief as the Court deems just and appropriate, including its costs.

14

15

Dated: November 24, 2025

Respectfully submitted,

**RENTGROW, INC.**

By: /s/ Taylor Hennington
Taylor Hennington, SBN: 24116508
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: 214.740.8457
Email: taylor.hennington@troutman.com

*Counsel for RentGrow, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 24, 2025, I have caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

I further certify that a copy of the foregoing was sent by email, as requested by Plaintiff, to the following email address: eholloway.1.legal@proton.me.

*/s/ Taylor Hennington*
Taylor Hennington

16